# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 14-4105



---

Stephen G. Conklin, Pro Se

Appellant

v.

Yvette Kane, et al

Appellees

---

## BRIEF OF APPELLANT

---

Appeal from the September 5, 2014 Order of Judge Juan R. Sanchez, sitting

by designation in the United States District Court for the Middle District of

Pennsylvania, dismissing Appellant's complaint in Case No. 1:13-CV-02618

---

Submitted by:

/s/Stephen G. Conklin, pro se
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

i.

## CORPORATE DISCLOSURE STATEMENT

I, Stephen G. Conklin, Pro se, do hereby certify under penalty of perjury that there is no corporate interest implicated in this or any related case in which he is a party.

_____
Stephen G. Conklin, Pro se/IFP

ii.

## TABLE OF CONTENTS

Corporate Disclosure Statement…………………………………….i.

Table of Contents……………………………………………...ii.

Table of Citations…………………………………………...iii.

Statement of Appellate Jurisdiction……………………………1-2

Statement of Issues Presented for Review………………………...3

Statement of Related Cases…………………………………………4

Statement of the Case……………………………………………...5-

Statement of Facts………………………………………………...x

Summary of the Argument……………………………………..

Standard of Review……………………………………………

Argument……………………………………………………

Conclusion………………………………………………………...

Certification of Bar Membership………………………………….iv.

Certification of Word Count………………………………………...iv.

Certification of Document…………………………………………..iv.

Certificate of Service…………………………………………..v.

iii.
## TABLE OF CITATIONS

*Cases*                                                    *Page(s)*

*Arizona v. California*, 460 U.S. 605 (1983)..........................20

*Ashcroft v. Iqbal*, 129, S.Ct. 1937, 1952 (2009).....................14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).........14,15

*Bradley v. Fisher*, 13 Wall 335, 80 U.S. 335 (Cir. 1867)...........17

*Gross v. German Found. Indus. Initiative*, 549 F. 3d 605, 610
(3d Cir. 2008)....................................................15

*Hayman Cash Register Company v. Sorokin*, 669 F. 2d 162
(3d Cir. 1981)....................................................20

*In re Pharmacy Benefit Managers Antitrust Litigation*,
582 F. 3d 432 (3d Cir. 2009).......................................20

*Papasan v. Allain*, 478 U.S. 265, 286 (1886)........................15

*Phillips v. County of Allegheny*, 525 F. 3d 224, 230
(3d Cir 2008).....................................................14

*Todd and Company Incorporated v. S.E.C.*, 630 F. 3d 154
(3d Cir. 1980)....................................................20

*Statutes*                                              *Page(s)*

18 U.S.C. § 242…………………………………………………1

28 U.S.C. § 1291…………………………………………………..2

28 U.S.C. § 1331…………………………………………………..1

28 U.S.C. § 1343(a)(3) (4)………………………………………1

28 U.S.C. § 1446(b)……………………………………………...9

42 U.S.C. § 1983……………………………………………….....1


*Rules*                                                *Page(s)*

Fed.R.Civ.P.8(a)(2)…………………………………………...14

Fed.R.Civ.P 12(b)(6)…………………………………………..14

Fed.R.Civ.P. 16………………………………………………...16

## STATEMENT OF APPELLATE JURISDICTION

This appeal, as timely filed on October 3, 2014 arises from holdings of

Judge Juan R. Sanchez, sitting by designation, Chief Judge McKee

presiding; more particularly, from his short, two (2) paragraph order,

coupled to prolix footnote(s) of September 5, 2014. Conklin is unaware of

any memorandum filed separately with this order.

The basis of the District Court's jurisdiction is founded on the

jurisdictional statements presented in Conklin's complaint: 28 U.S.C. § 1331

(federal question(s)); 28 U.S.C. 1343(a)(3) (4); and, 42 U.S.C. § 1983 and

18 U.S.C. § 242.

The trial court's holdings curiously intermix the above-captioned matter

with the related case docketed at MD 13-03058. The ambiguous mixture has

necessitated the filing of a common APPENDIX for both cases.

Complicating matters (for reasons unknown), is a Third Circuit question

as to whether the aforementioned order is final and appealable. The

speculative, but presumed reason, which is wholly unjustified, is the trial

court's improper desire to retain jurisdiction solely to threaten, and further,

intimidate Conklin and his lawyer where no supportable reason exists.

The undisguised invitation to the defendants below (appellees) to file

sanctions or "fee shifting" requests, with the additional and equally

unfounded suggestion of *"malicious use of civil proceedings"* has gone unanswered by the defendants, i.e., Appellees, Kane, Smith and Morrison. More than 100 days have since elapsed. Thus by operation of law, the purported jurisdictional defect has expired. See A 22-24, *"This Court will retain jurisdiction solely for the purposes of considering whether to shift fees or otherwise impose sanctions against Conklin and his attorney, should Defendants wish to pursue such relief."*

Query: To impose sanctions for what? For Conklin's opposing the misapprehension of facts and the unlawful and egregious destruction of his rights?

Regardless, this court has jurisdiction of this appeal under 28 U.S.C. §1291, as the dismissal of Conklin's complaint, with prejudice, constitutes a final appealable order. The notice of appeal was filed properly on October 3, 2014.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Did the Trial Court abuse its discretion and commit errors of law in its 9/5/14 orders and memoranda by assuming facts not in evidence and misstating Judge Savage' legal holdings in his order and opinion in MD 1:13-CV-01531?

    Suggested Answer:        YES!

2. Did the Trial Court inappropriately decide not to recuse?

    Suggested Answer:        YES!

3. Did the Trial Court violate the "law of the case" principles and the tenets of "res judicata" when it erroneously interpreted and misstated Judge Savage's 8/27/13 order and holdings?

    Suggested Answer:        YES!

## STATEMENT OF THE CASE

On or about April 4, 2013 Stephen G. Conklin filed an action (commenced by Writ of Summons) against "Yvette Kane". Later, on May 10, 2013, the Writ was reissued. A 57-61. At no place and in no proceeding, before or since, did Conklin sue "Judge", the "Hon." or any other entity but "Yvette Kane". He used no titles and he did not sue or proceed against any official. Yet Yvette Kane, by and through her legal representatives and fellow officials repeatedly injected her title and position as part of the initial pleadings in Middle District Case #1:13-CV-02168, hereinafter **2168,** as if Stephen G. Conklin had used titles and/or positions seeking to sue Ms. Kane in her official capacity.

It is impossible not to deduce that Yvette Kane and her associates intentionally distorted proceedings knowing that she had been sued in her individual capacity and not in her official capacity. Not only Yvette Kane but the US Attorney Peter J. Smith, and Assistant US Attorney Mark E. Morrison, are experienced lawyers and the documents portray the duplicity they practiced. Originally this matter began, as described above, with a writ of summons filed by the appellant Conklin. Somehow, after being unlawfully removed to federal court by Kane, the case was docketed at MD 1:13-CV-01531 (hereafter 1531).

This occurred once Conklin filed a Motion for Remand on July 9, 2013.
Though no records exist as to the communication between Kane and the
Chief Judge of the Third Circuit, the Hon. Theodore A. McKee (which
violate Court Rules and procedures), he assigned the case to the Hon.
Timothy J Savage of the Eastern District of Pennsylvania. See A 158-159.

Conklin argued that neither Ms. Kane, US Attorney Smith, or Mr.
Morrison, his assistant, had any authority or jurisdiction to remove the Writ
from Dauphin County Pennsylvania since no complaint had been filed; and,
federal removal statutes, procedures, or even a cursory review of case law
simply did not permit the removal of the Writ. The reason is facially simple:
No federal questions are raised; no federal official was sued; nor, is there
any question or implication of federal jurisdiction raised by Conklin in the
Writ.

On August 27, 2013 Judge Savage, in a concise, yet thorough,
"Memorandum Opinion"" issued an Order in 1531 containing the language
*"The plaintiff is correct"*… *"Therefore, we must remand this action for lack
of removal jurisdiction."* A 160-162.

Prior to remand, Conklin had written Kane's purported counsel,
Appellee Morrison, a letter dated July 13, 2013 demanding, the immediate

5

withdrawal of the abortive removal, the failure of which Conklin would seek recompense for his injuries. A 141.

The defendant (Appellee) Yvette Kane, apparently accepting the 1531 remand decision, i.e., without seeking reconsideration or appeal thereof, then attempted, via Appellee Morrison, to praecipe for, obtain, and file a Rule to File a Complaint on Conklin; but, this Rule, obtained by Appellee Morrison, was never served on Conklin by Morrison, and later, this was admitted.

This was followed by a default letter, once more procedurally deficient for want of service of the original Rule.

On or about October 23, 2013 Stephen G. Conklin filed his Complaint, which was then docketed at 2618. A 35-72. Motion practice ensued. Plaintiff's attorney in this action was Don Bailey who is well known to members of this Court but who was since suspended from practice in the Middle District of Pennsylvania, (following the September 5th orders) based upon complaints made by Yvette Kane, and never receiving a single opportunity to do discovery or any hearing or even the chance to confront accusers or call any witnesses. The judges who made the decision on Mr. Bailey were appointed by Judge McKee, ostensibly at the request of Judge Kane and/or then, or soon to become, Chief Judge Christopher C. Connor.

On or about September 5, 2014 the trial court dismissed as to Conklin's Complaint. This occurred subsequent to a "Conference" which took place under the caption of 3058 that was called under confusing circumstances more than 240 days i.e., more than 10 months after the Complaint was filed.

No case management conference had ever been held. No discovery had taken place. No case management schedule was in effect. And the "Conference" also excluded Don Bailey even though he was practicing at that time. In short, Judge Sanchez dismissed Conklin's Complaint in disregard of a plain and simple rendering of Judge Savage's previous order. This appeal followed.

STATEMENT OF FACTS

Conklin filed a Writ of Summons against Yvette Kane, personally, on April 4, 2013 in the Court of Common Pleas of Dauphin County Pennsylvania. Nowhere, before or since, has he ever sued Appellee Kane in her official capacity.

In furtherance of violating Conklin's rights and substantive law to boot, the Appellees in 02618, A 35-72, namely Kane, US Atty. Smith, and his Assistant, Morrison, unlawfully removed the Writ to federal court, a 55-72.

The illegal removal was docketed at MD #1:13-CV-01531 and assigned by the 3rd Circuit's Hon. Chief Judge Theodore A. McKee to the Hon.

Timothy J. Savage of the Eastern District of Pennsylvania on 6/14/13, A 159.

Conklin filed a motion to remand and the matter was briefed. On 8/27/13 Judge Savage granted Conklin's motion and ordered that the case be sent back to Dauphin County. Judge Savage also wrote a detailed yet concise opinion to accompany the order. See A 158-166.

In his opinion Judge Savage Wrote:

"*the plaintiff is correct. Because we cannot determine whether the removed action is based upon the defendants conduct as a federal officer, we cannot conclude that the action was properly removed. Therefore we shall remand the action to the state court from which it was removed.*" A 160.

Judge Savage, completing his assistant, plane, and unequivocal memorandum, does a detailed analysis of the applicable removal authority of the federal government. He ends by saying, "*therefore we must remand this action for lack of removal jurisdiction.*"

A precise, detailed, and unchallengeable opinion, which was correct on the law, and correct on the facts. Now remanded, the Appellees again unlawfully removed the case to federal court. This time they didn't serve the Conklin with the Rule to file a complaint, as required by law.

Subsequently, they later admitted this. Even more, Appellees in 03058, including Kane, did not act within 30 days of being served with the Writ of Summons A161 (second full paragraph). Even worse yet, Judge Savage

clearly points out in the same paragraph that jurisdiction totally fails under

28 U.S.C. §1446 (b) because the Writ of Summons was not an "initial

pleading."   ADD

By violating Conklin's rights, Kane and the Appellees in 03058 injured

him, denying him access to the courts and causing emotional injury. None of

this was of concern to the Trial Court. No one who sits where Kane and the

appellees sit can understand the oppressive fear brought by powerful federal

authorities were a person who is poor and without resources is being abused.

The Trial Court did not understand or apply the law as laid down by

Judge Savage which was the law of the underlying case. The Appellees in

03058, particularly Yvette Kane, should have appealed Judge Savage's

opinion in 01531 to have been procedurally correct (assuming of course that

they disagreed).

The facts are they couldn't find a hole in Judge Savage's opinion because

it was so perfectly written. So the Trial Court, through Judge Sanchez,

appointed by Chief Judge McKee, under the same scenario as the *Wicks et al*

*v Anderson et al*. case, also from the Middle District of Pennsylvania and

also involving judicial misconduct, and also Don Bailey as the attorney, the

very same issues arose.

9

Chief Judge McKee also found against Bailey's clients, along with Judge Connor, in the *Schultz* case, where the police badly injured a bride's brother and destroyed her wedding because the Eagles' bartender in Adams County didn't like "N" music when the police served his unlawful end's.

Now in Conklin's case, the principles of res judicata and/or, collateral estoppel were summarily ignored; the laws of removal are equally ignored; and, all these things appear, at least, to be distorted to protect the federal judges who weren't even sued as federal judges, from discovery, which was never allowed.

These are the facts.

STATEMENT OF RELATED CASES

This case has not been before this court previously. But this case is related to Conklin's appeal at No. 14-4106; which is an appeal of Judge Sanchez's opinion below at MD 1:13-CV-03058 (where Conklin on October 31, 2013 filed a state-court emergency motion for sanctions, that was, once more, improvidently removed to the District Court, and subsequently decided, on date same, by Judge Sanchez who dismissed the removed "proceeding", i.e., state-court emergency motion, and thereafter, remanded, noting, "what if anything is left", back to state-court). See A 5-24; A 25-28; A 73-112; A125-145; A 219-226; A 227-230; and A 235-237.

This case is directly related to MD case #1:13-CV-01531 (this case was before Judge Savage where Conklin won a remand.) The case (02618), under appeal here, was filed by Conklin below, with Bailey as his attorney, after the remand in 01531 and prior to the continuation of unlawful acts by Appellees Kane, Morrison, under the supervision of Smith, in state court, serving as the impetus of Conklin's emergency motion therein; and, in furtherance thereof, gave rise to the removal, albeit untimely, of Conklin's emergency motion in a proper fashion after the order from Judge Savage.

This case is also related to MD #1:13-CV-2962 which was assigned its number when the appellees in 03058 unlawfully removed Conklin's Writ of

11

Summons commencing an action against Yvette Kane (not "Judge Kane" or any federal official) from Dauphin County Court of Common Pleas on 12/6/13.

## SUMMARY OF THE ARGUMENT

Appellant found the Trial Court's orders, memoranda, and procedures not only confusing and quite ambiguous but in many ways legally unsupportable. There could not be a clearer case of a lack of jurisdiction by the defendant/appellees in 03058 and particularly as to Yvette Kane, the Appellee in this case.

However, Judge Sanchez interprets Judge Savage's opinion to say things Judge Savage didn't say. If Judge Savage's opinion stands, as it should, then Yvette Kane's efforts to more or less climb out of a legal hole on a slant, comes to nothing.

The Trial Court is clearly speculating when it "baldly concludes", without a single supporting fact, that Conklin is suing Kane in her official capacity. This would mean that Judge Savage is not merely wrong but that he's outright incompetent. That is an absurd proposition and is clearly not correct. But the law, as Judge Savage very precisely and correctly pointed out reports Judge Savage, not Judge Sanchez.

Without a complaint being filed by Conklin in Dauphin County the intervening legal actions by Yvette Kane and Yvette Kane and the other Appellees in 03058 totally lack jurisdiction and plainly violate Conklin's rights. Judge Savage's honest and forthright and pointed opinion threw a monkey-wrench into the efforts by these errant federal officials even though Yvette Kane was sued in a private individual capacity as the Writ clearly shows.

Then Judge Sanchez refuses to recuse himself after a blatant history of dismissing Bailey cases and his improper assignment to those cases. Terming Conklin a "frequent litigator", something which is not only inaccurate, but is demeaning and threatening. Its meaning is clear. It means don't come to our courts, you're not welcome to protect yourself or express yourself. You're just a stupid American citizen who should not dare question the system.

To top off this ridiculously simple and transparent case, Conklin, and his lawyer at the time, Don Bailey, are threatened with sanctions for logically, courteously, and lawfully presenting a legal defense to official abuses. This Court should not and must not allow this abuse to continue. Every single Judge on the Third Circuit Badge is responsible.

## STANDARD OF REVIEW

As stated in numerous cases in the Third Circuit Court of Appeals the Court can conduct a de novo review of a Rule 12(b)(6) dismissal of a complaint. See Phillips v. County of Allegheny 515 F. 3$^d$ 224, 230 (3d Cir 2008).

In this case, as can be seen from Judge Savage's opinion, Judge Sanchez's dismissal on 12(b)(6) grounds was erroneous as a matter of law and the underlying complaint should clearly have survived a motion to dismiss. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. Civ. P. 8(a) (2).

To avoid dismissal, the complaint must set forth facts that raise a "plausible inference" that the defendant inflicted a legally cognizable harm upon the plaintiff. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (explaining that a plaintiff must "identify[] facts that are suggestive enough to render [his claim] plausible"); *Phillips,* 5 1 5 F.3d at 234 (stating that "a plaintiff must 'nudge [his or her] claims across the line from conceivable to plausible' in order to survive a motion to dismiss") (citations omitted).

14

Conclusory allegations of liability do not suffice. See *Iqbal,* 129 S. Ct. at 1950 (opining that the federal pleading standard "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). We must disregard "formulaic recitation of the elements of a cause of action ... ." *Twombly,* 550 U.S. at 555".

A Court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant. *Gross v. German Found. Indus. Initiative, 549 F.3d 605, 610 (3d Cir. 2008).* In the underlying case the Trial Court did exactly the opposite. Judge Savage' concise opinion, which included the language, "The plaintiff is correct.", cannot be questioned.

The Trial Court's bald legal conclusions can receive no deference, and this court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1886) (cited with approval in *Twombly,* 550 U.S. at 555 (citations omitted)). In fact this Court has a duty to do the opposite and to recognize the law of the case of the principles of res judicata as reflected in Judge Savage's opinion.

ARGUMENT

Question presented #1 & 3.

The law of the case under appeal was set down by Judge Savage in his
01531 opinion and order. A 158-166. In a transparent attempt to escape the
plain and clear holdings, and most importantly the effect, of Judge Savage's
opinion which closed the 2962 proceedings initiated by the 2618 defendant,
Appellee Yvette Kane, and her codefendants Peter Smith and Mark
Morrison when they unlawfully removed Conklin's Writ of Summons from
Dauphin County, the Third Circuit seemingly used Conklin's motion for
sanctions, A 125-145, to appoint Judge Sanchez as if 1531 did not exist.

Judge Sanchez then proceeded to grossly violate Federal Rule of Civil
Procedure Rule 16 by exceeding the 120 day requirement mandating (which
means he is given no discretion) that he schedule and hold a Case
Management Conference.

In fact Judge Sanchez exceeded the Rule's 120 day requirement by more
than 100 days. The way that Appellee Kane, presuming she disagreed with
the 1531 decision, needed to move forward was to either ask for
reconsideration, or she should have taken an appeal to the Third Circuit.

Instead, assuming of course that virtually no discussions or cooperation
took place between Judge Sanchez and Yvette Kane and the US Atty. Peter

Smith along with his Assistant Morrison on the procedures followed in the
rather strange issuance of Judge Sanchez' 3058/2618 orders and
memoranda, then wasn't Judge Sanchez duty bound to officially advise them
of the error or errors they were making?

The issues in 1531 were unmistakably plain. The removal lacked
jurisdiction for really two reasons. The first is that there was not (and there
are still is not despite the pure speculation of the Trial Court) a scintilla of
the factual support or inference that Yvette Kane was sued in any way other
than her individual capacity. Judge Savage saw this immediately. Any
student of the law or any purpose with an interest in the law could and would
see that right away.

Secondly, because no pleadings were initiated and there was no factual
basis on which to make the unsupported deductions about Kane's official
status that the Trial Court could have made the removal statutes plainly and
simply did not apply. Under *Bradley v. Fisher, 13 Wall 335, 80 US 335 (Cir
1867)* A 240-249, a long established and entrenched legal maxim was
clearly enunciated.

A judge who acts without jurisdiction is not entitled to immunity. While
the immunity doctrines may well be necessary to the efficient and proper
functioning of our state and federal judicial systems, permitting a judge,

17

under any circumstances, to avoid a jurisdictional nexus with the object of the judge's personal interests, particularly under the factual circumstances here, would require a dissent into despotic policy.

Therefore, the Trial Court violated the constitutional rights of Stephen G. Conklin when it did not permit him access to the courts and the right to proceed with discovery under Third Circuit precedents when it dismissed, with prejudice, 2618. This was an error of law that cannot be saved without a baseless fiction.

That baseless fiction, committed by the Trial Court without any reason whatsoever except the impossibility of defeating the Judge Savage opinion without insisting that Conklin was suing Yvette Kane in her official capacity. Savage saw this clearly because in a legal sense it was so obvious.

To defeat or defer the Savage opinion, the Trial court had to insist, without any basis whatsoever for doing so, that Conklin was suing Kane in her official capacity. He was not. The Trial Court had painted itself in a corner because if Conklin had sued Kane in her personal capacity, as indeed he did, then the motion for sanctions filed by Conklin was at least entitled to some discovery and a hearing and most important neither of the affected cases were subject to a dismissal under any stretch of procedure or facts. See A 18 lines 7-14.

The Trial Court's holding that Conklin had a duty to file a complaint even though Pennsylvania law does not require that he does to commence an action. The Trial Court erred.

The law of the Case doctrine, let alone the requirements of the doctrines of res judicata and collateral estoppel, also compelled the Trial Court to recognize the efficacy of the Savage opinion from which it could not escape without making the bald and unsupportable factual conclusion that Conklin was playing games and was suing Yvette Kane in her official capacity.

The Trial Court went so far as to additionally hold that Conklin's complaint and motion for sanctions should have been dismissed because Conklin had some imaginary and undefined duty to file a complaint, as pointed out above, prior to when he filed the 2618 complaint to vindicate and redeem the violation of his rights by Yvette Kane and the other appellees.

Conklin can find no case in the entire history of American jurisprudence, both federal and state, where a court, once more without jurisdiction, can create a legal duty out of virtually no rules, laws, or facts. See A 18. The law of the Case doctrine is well-established. The Hon. Timothy J. Savage set that standard down in 1531.

Thus when the Trial Court came along and dismissed Conklin's complaint on the speculative and unsupported basis that he must have sued Yvette Kane in her official capacity or had a duty to file a complaint because he was apparently inconveniencing the Appellees, the Trial Court obliterated the August 27th sound and well reasoned holding made by Judge Savage. When Judge Savage made his 8/27/13 decision it was res judicata, collateral estoppel to the procedures at 2962; as further, fastidiously set forth in Conklin's complaint.

The Trial Court and the Appellees are relitigating, improperly, the same issues and claims already decided by Judge Savage on 8/27/13. The doctrines use is simple. It's to promote the efficient administration of justice. See *Todd and Company Incorporated v S.E.C.*, *630 F.3d 154, (3d Cir. 1980)*. In accord, see *Hayman Cash Register Company v. Sorokin*, *669 F.2d 162 (3d Cir. 1981*. In *Arizona v. California* 460 U.S. 605 (1983) the High Court had this to say:

"Unlike the more precise requirements of res judicata, the law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case" at pg 618.

"The law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit", *In Re Pharmacy Benefit Managers Antitrust Litigation, 582 F.3d 432 (3d Cir. 2009)*

20

While the doctrine doesn't restrict power of the court, it certainly controls or governs its discretion. Id. There could be no greater abuse of discretion and what occurred in the matter below which is why this Court should reinstate the complaint.

Issue preclusion principles also require that the Trial Court's decision to dismiss be reversed and the case set back. Further, the trial court doesn't even attempt to take on the Savage Opinion. For obvious reasons, it could not maintain a credible legal argument against it.

Question # 2 .

Judge Sanchez should have recused himself. It's obvious that he entertains great animus against the appellant. How upon reading Judge Savage's opinion could the Trial Court conclude that the appellant was playing a shell game and acting in a frivolous fashion?

Nowhere did the trial court judge, the Hon. Juan R. Sanchez, dispute or in any way argue against Judge Savage's opinion that "The plaintiff is correct." The reason for that was because the Conklin's position was not only simple to see but was in accord with the law. How then could Conklin or his counsel have been playing a shell game and acting in a frivolous fashion?

The best example is the Trial Court judge's decision to retain jurisdiction solely for the purpose of considering sanctions against Mr. Conklin and his lawyer, sanctions which he invited. Apparently the honor of the Appellees, all of whom are lawyers, did not permit the exercise of what really amounts to an example of official abuse. Because the Trial Court was threatening the Appellant by this action, this alone should have caused him to recuse himself.

Further, this Appellant has read the cases, in fact the long list of cases, filed by Don Bailey, that appear quite clearly to have been meritorious, but, (like here and in related 3058) without any discovery in just about every single case, as were dismissed out of hand by Judge Sanchez. As an observer of some of the proceedings against Don Bailey by the Lawyer's Disciplinary Board I believe his efforts on behalf of wronged American citizens should not lead to his mistreatment.

Judge Sanchez, quite obviously, has mistreated Mr. Bailey because of the types of cases and clients Mr. Bailey represents. As a personal victim of this mistreatment it is the Appellant's opinion that Judge Sanchez is not objective. The evidence speaks for itself. It's not just a decision Conklin disagrees with, it's the tone and threats that are meant to close down ideas and rights that must be resisted.

## CONCLUSION

For the aforestated reasons, this Court should reverse the Trial Court and reinstate the Opinion of the Hon. Timothy J. Savage. This Court is also requested to reinstate the underlying complaint in 02618.


Respectfully Submitted,


_____
Stephen G. Conklin, Appellant/Pro se

iv.
## CERTIFICATIONS

### A. BAR MEMBERSHIP

Appellant, having filed this appeal pro se, and under informa pauperis,

hereby certifies he is not a member of this or any Bar.

/s/_Stephen G. Conklin

### B. WORD COUNT

Appellant hereby certifies the word count of this brief is 4,418.


/s/Stephen G. Conklin

### C. DOCUMENT

Appellant hereby certifies this document is free of virus, having

submitted the foregoing via hard copies.


/s/Stephen G. Conklin

v.

## CERTIFICATE OF SERVICE

I, Stephen G. Conklin, Appellant above, do hereby certify this 5th day of January, 2015 that I caused to be served an original and four true and correct copies of my principal brief, with 4 appendices sent separately, upon the Office of the Clerk of the United States Court of Appeals for the Third Circuit via First Class U.S. Mail, postage prepaid, and with proof of mailing as addressed below; and, a true and correct copy of my principal brief and appendix, separately mailed via First Class U.S. Mail, postage prepaid upon all other parties as addressed below.

Office of the Clerk
c/o Third Circuit Court of Appeals
21400 U.S. Courthouse
601 Market Street
Philadelphia, Pa. 19106

AUSA Michael Butler
 Ronald Reagan Fed. Bldg.,
225 Walnut Street, Suite 220
Harrisburg, Pa. 17108

Thomas Schmidt III, Esq.
c/o Pepper Hamilton, LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, Pa. 17108-1181

By: _____
Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214